No. 6130.

# VALENTINE WAMBSGANS vs. J. CUSIMANO.

## Syllabus.

No matter how clumsily or inartistically a contract may be worded, if its meaning can be ascertained, it must be given effect.

Appeal from the Civil District Court for the Parish of Orleans, Division "B," No. 102,196. Hon. F. D. King, Judge.

Frank McGloin and Teissier & Teissier, for plaintiff and appellee.

U. Marinoni, for defendant and appellant.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

The defendant, Cusimano, purchased from the Burton Milling Company for future delivery 2000 barrels of flour, and subsequently, in consideration of a bonus of $300.00 paid to him by plaintiff, transferred and assigned to the latter in writing his rights in one-half of the purchase, namely, 1000 barrels. The Burton Milling Company having suspended and being unable upon demand to make delivery of any part of the flour purchased, the plaintiff on that ground instituted this suit and recovered judgment in the trial Court against defendant for the return of the $300.00 paid as aforesaid.

The defendant contends that he made an ordinary assignment to plaintiff; that he performed his whole duty by transferring to him such rights as he himself possessed under a valid and subsisting contract to receive 1000 barrels of flour from the Burton Milling Company, and that he cannot be held accountable for said com-

pany's inability to perform or for plaintiff's failure to secure delivery.

The weakness of defendant's position, however, lies in the fact that the transaction was not a simple assignment. On the contrary, the written instrument evidencing it provides that the $300.00 is paid on the basis of $60.00 on each 200 barrels of flour involved, and the defendant therein expressly binds himself "to reimburse V. Wambsgans all or any part of the amount received by him provided that the above mill would fail to deliver all or any part of the above 1000 (one thousand) barrels."

It is true that the contract is inartistically drawn and clumsily worded, but its clear meaning is that plaintiff should be entitled to recover the amount he paid defendant in the event that the flour should not be delivered. In order to adopt defendant's view it would be necessary to ignore or eliminate entirely the clause of the contract quoted above, and this we cannot do.

The original contract which had been filed with the petition having been lost pending the suit, the plaintiff thereupon introduced an alleged copy in lieu thereof. This document was properly admitted in evidence as its accuracy was sufficiently proved. Moreover a duplicate original of the contract was delivered to the defendant at the time of its execution, and if he desired to challenge the correctness of the copy he should have produced the duplicate or at least have accounted for its non-production.

The judgment appealed from is affirmed.

Judgment affirmed.

Opinion and decree, June 15th, 1914.